UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIE C. ELLIOT, 89C0148,

        Plaintiff,

-v-

Judge MARIO J. ROSSETTI, Erie County
Supreme Court, Part #15, New York State,

        Defendant.

_____

12-CV-6371L
ORDER

    On July 9, 2012, Willie C. Elliot,  an inmate of a state correctional facility, filed this action *pro se* under 42 U.S.C. § 1983 seeking his release with respect to a judgment of conviction entered on August 11, 1988, in Erie County, New York.  Mr. Elliot paid the $350.00 filing fee. The Court notes that the caption spells the name Elliot, with the New York State DIN number of Willie C. Elliot, 89C0148, but that multiple previous actions, habeas corpus petitions, miscellaneous actions and civil rights actions, have been filed under the name Willie C. Elliott, with the same DIN number, involving the conviction on which the filer is currently being held.

    The Second Circuit has directed that pro se pleadings should be characterized according to the relief sought, and not to the label given to them by pro se prisoners unlearned in the law. *Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997) (finding that if prisoner erroneously labels petition as one to correct sentence when relief it seeks is available only under habeas statute, mislabeling must be disregarded in applying gatekeeping provision of Antiterrorism and Effective Death Penalty Act (AEDPA)). Although the Second Circuit has cautioned district courts against converting mislabeled applications to habeas petitions in light of the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive applications for the writ without the Circuit Court's permission, *Adams v. United States,* 155 F.3d 582 (2d Cir.1998) (per curiam), Mr. Elliot has already filed second or successive petitions, and therefore is subject to no additional penalties that could be occasioned by the recharacterization of his filing as a petition under 28 U.S.C. § 2254. *See Elliott v. Yelich,* 11-CV-6474L and 01-CV-6304L, as well as the Second Circuit Mandate issued February 6, 2012, dismissing petition as an impermissible second or successive petition on 1-4034-op. The Court deems this filing a petition pursuant to 28 U.S.C. § 2254.

Section (b)(3)(A) of 28 U.S.C. § 2244, known as the "gatekeeping provision" of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, Title I, § 106, 110 Stat. 1214, 1220-21 (1996) ("AEDPA"), specifically requires a petitioner to apply to the court of appeals for permission to file a "second or successive" petition. This filing constitutes a second or successive petition with respect to the same judgment of conviction. Before a district court may entertain a second or successive application for a writ of habeas corpus filed pursuant to § 2254, the petitioner must have first requested and obtained an order from the appropriate court of appeals which authorizes the filing of such a second or successive petition. 28 U.S.C. § 2244. The petition herein has not been so authorized. Therefore, in the interests of justice and pursuant to 28 U.S.C. § 1631, this filing shall be transferred to the Second Circuit Court of Appeals for a determination of the authorization issue. *See Liriano v. United States of America,* 95 F.3d 119 (1996).

SO ORDERED.

JOHN T. CURTIN
United States District Judge

DATED: ___10/3___, 2012
Buffalo, New York

2